Electronically Filed
9/2/2022 12:12 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
JOHN B. SHOOK, ESQ.
Nevada Bar No. 5499
LYNN R. SHOEN, ESQ.
Nevada Bar No. 1197
SHOOK & STONE, CHTD.
710 South 4th Street
Las Vegas, NV  89101

CASE NO: A-22-857851-C
Department 26

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| PHILIP ALEXANDER, individually,<br><br>Plaintiff,<br><br>vs.<br><br>AOSOM, LLC., Foreign Limited-Liability Company; WALMART INC., a Foreign Corporation; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive<br><br>Defendants. | Case No.:<br>Dept. No.:<br><br><br>**COMPLAINT** |

Plaintiff PHILIP ALEXANDER by and through his counsels JOHN B. SHOOK, ESQ. and

LYNN R. SHOEN, ESQ. of SHOOK & STONE, CHTD. hereby files the following Complaint and

alleges as follows:

**GENERAL ALLEGATIONS**

1.      At all times relevant hereto, the Plaintiff, PHILIP ALEXANDER (hereinafter, "Plaintiff"),

is and was a resident of the State of Nevada

2.      At all times relevant hereto and to the best of Plaintiff's knowledge, Defendant, AOSOM,

LLC, was and still is a Foreign Limited-Liability Company authorized to do business in State of

Nevada.

200188 / 2229

3.    At all times relevant hereto and to the best of Plaintiff's knowledge, Defendant WALMART, INC. was and is a Foreign Corporation authorized to do business in the State of Nevada.

4.    The true names and capacities, whether individual, corporate, associate, or otherwise of DOES I through X and/or ROE BUSINESS ENTITIES I through X, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names.  The Plaintiff is informed and believes and thereupon alleges, that the Defendants, designated herein as a DOE and/or ROE BUSINESS ENTITIES, are any one of the following:

(a)    A party responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages proximately thereby to the Plaintiff as herein alleged;

(b)    Parties that were the agents, servants, employees, and contractors of the Defendants, and each of them, acting within the course and scope of their agency, employment, or contract;

(c)    Parties that managed, operated, secured, inspected, repaired, maintained, entrusted and/or were responsible for the equipment at the time of this incident;

(d)    Parties that were responsible for the supervision of one or more of the Defendants herein; and

(e)    Parties that have assumed or retained the liabilities of any of the Defendant's equipment by virtue of an agreement, sale, transfer or otherwise.

(f)    Parties who were responsible for the design, manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of the subject equipment.

The Plaintiff specifically complains and alleges one or more causes of action against these parties.  However, as of the filing of this Complaint, the Plaintiff is unaware as to whether those entities are individuals, partnerships, limited partnerships, corporations, associations of individuals

and business, or some other form of business ownership.  When the same has been ascertained by the Plaintiff, together with the appropriate charging allegations, the Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES I through X and/or ROE BUSINESS ENTITIES I through X, inclusive, and to join such in this action.

5.     Whenever it is alleged in this Complaint that a Defendant did any act or thing, it is meant that such Defendant's officers, agents, servants, employees, or representatives did such act or thing and at the time such act or thing was done, it was done. with full authorization or ratification of such Defendant or was done in the normal and routine course and scope of business, or with the actual, apparent and/or implied authority of such Defendant's officers, agents, servants, employees, or representatives.  Specifically, Defendants are liable for the actions of its officers, agents, servants, employees, and representative. The defendants, and each of them, were at all times relevant to this action, the agents of every other defendant.

6.     All of the Defendants as named herein are jointly and severally liable to Plaintiffs for Plaintiffs' damages.

7.     Plaintiffs are informed and believe, and thereupon allege, that Defendants, and each of them, jointly and in concert undertook to perform the acts as alleged herein, that Defendants and each of them had full knowledge of the acts of each co-Defendant as alleged herein, and that each Defendant authorized or subsequently ratified the acts of each co-Defendant as alleged herein, making each co-Defendant an agent of the other Defendants and making each Defendant jointly responsible and liable for the acts and omissions of each co-Defendant as alleged herein.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

8.     At all times material to this Complaint, the acts and omissions giving rise to this action occurred in Clark County, Nevada.

9.     On information and belief, Defendant AOSOM, LLC is in the business of manufacturing and selling consumer products, including, without limitation, home exercise equipment.

10.    Defendant WALMART, INC. operates an online storefront located at the web address www.walmart.com which prior to April 20, 2021, sold consumer products, including home exercise equipment, made and manufactured by AOSOM, LLC.

11.    Prior to April 20, 2021, Plaintiff purchased home exercise equipment manufactured and designed by Defendant AOSOM, LLC from Defendant WALMART, INC. via the online storefront located at www.walmart.com.

12.    On or about April 20, 2021, Plaintiff was using said exercise equipment manufactured by Defendant AOSOM, LLC and sold by Defendant WALMART, INC.

13.    As so used, the subject equipment was defective, unfit, and unreasonably dangerous for its foreseeable use in that the seat became broke or otherwise because dislodged, causing Plaintiff to suffer serious bodily injury.

## FIRST CAUSE OF ACTION
### NEGLIGENCE
#### *Against all Defendants*

14.    The Plaintiff hereby repeats and realleges each and every fact set forth in the preceding paragraphs, as though set forth in full at this time.

15.    At all times relevant herein, Defendants had a duty to exercise reasonable care, and to comply with the existing standards of care, in its preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion, and sale of the home exercise equipment which Defendants introduced into the stream of commerce.

16.    At all times relevant herein, Defendants deviated from principles of due care, deviated from the standard of care, and were otherwise negligent by improperly designing, manufacturing, inspecting, testing, and otherwise determining that the home exercise equipment was safe for consumer use.

17.     At all times relevant herein, Defendants knew or should have known that the home exercise equipment was unreasonably dangerous and defective when introduced into the stream of commerce.

18.     Defendants breached their duty to Plaintiff by manufacturing, designing, and then selling to Plaintiff home exercise equipment which broke and caused Plaintiff injuries and bodily harm.

19.     The product defects alleged above were a substantial contributing cause of the injuries and damages suffered by Plaintiff.

20.     The injuries and damages suffered by Plaintiff were the reasonably foreseeable result of Defendants' negligence.

21.     As a direct and proximate result of the aforesaid defect, Plaintiff Alexander sustained devastating permanent physical injuries, and required medical care for the physical injuries suffered.

22.     As a direct and proximate result of the aforesaid defect, Plaintiff Alexander suffered lost wages.

23.     As a direct and proximate result of the aforesaid defect, Plaintiff Alexander has suffered damages in excess of fifteen thousand dollars ($15,000.00).

24.     As a direct and proximate result of the aforesaid defect, Plaintiff Alexander has been required to retain the services of an attorney and is entitled to an award of attorney's fees and costs.

## SECOND CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY – DESIGN AND MANUFACTURE
### *Against All Defendants*

25.     The Plaintiff hereby repeats and realleges each and every fact set forth in the preceding paragraphs, as though set forth in full at this time.

26.     Defendant AOSOM, LLC is in the business of designing, engineering, manufacturing, producing, testing, distributing, marketing, selling, repairing, owning, managing, inspecting, controlling, and/or otherwise maintaining home exercise equipment.

27.     Defendant WALMART, INC is in the business of designing, distributing, marketing, selling, repairing, owning, managing, inspecting, controlling, and/or otherwise maintaining home exercise equipment.

28.     Upon information and belief, part or all of the home exercise equipment that caused injury to Plaintiff when it malfunctioned and broke was hazardous and dangerous, and was not, in fact, fit to be used in the manner intended and was not of merchantable quality, in that, and not by way of limitation, the ordinary use of home exercise equipment, created an unreasonable risk of serious bodily injury to its foreseeable users and to the general public. The subject home exercise equipment was placed on the market in a defective condition so as to be unreasonably dangerous to the Plaintiff or other users.

29.     Upon, information and belief, Defendants AOSOM, LLC and WALMART, INC. designed, engineered, produced, manufactured, tested, distributed, marketed, sold, repaired, installed, owned, managed, operated, inspected, controlled, maintained, rented and/or otherwise placed the defective home exercise equipment, involved in the aforementioned incident on the market.

30.     Upon information and belied, such defect or defects existed when the home exercise equipment left the possessions and/or control of Defendant.

31.     As a direct and proximate result of the aforesaid defect, Plaintiff Alexander sustained devastating permanent physical injuries, and required medical care for the physical injuries suffered.

32.     As a direct and proximate result of the aforesaid defect, Plaintiff Alexander sustained lost wages.

33.     As a direct and proximate result of the aforesaid defect, Plaintiff Alexander has suffered damages in excess of fifteen thousand dollars ($15,000.00).

34.     As a direct and proximate result of the aforesaid defect, Plaintiff Alexander has been required to retain the services of an attorney and is entitled to an award of attorney's fees and costs.

### THIRD CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY – FAILURE TO WARN
#### *Against All Defendants*

35.     The Plaintiff hereby repeats and realleges each and every fact set forth in the preceding paragraphs, as though set forth in full at this time.

36.     Upon information and belief, the home exercise equipment involved in the subject incident was defective at the time of its design, manufacture, development, production, testing, inspection,

endorsement, prescription, sale, distribution, and/or rental, in that, and not by way of limitation, said product and its warnings, instructions and directions failed to warn of the dangerous propensities of said product, which risks were known or reasonably scientifically knowable to the Defendant.

37.     Defendants knew, or should have known, of the defective condition, characteristics and risks associated therewith, as previously set forth herein.

38.     At all times herein mentioned, the home exercise equipment involved in the subject incident was defective, and Defendants knew that the products were to be used by the user without inspection for defects therein, and Defendants failed to warn about the defective condition, characteristics and risks associated with the product.

39.     As a result of the defect in Defendants' product, Plaintiff sustained devastating permanent physical injuries, and required medical care for the physical injuries suffered.

40.     As a result of the defect in Defendants' product, Plaintiff suffered lost wages.

41.     As a result of the defect in Defendants' product, Plaintiff has suffered damages in excess of fifteen thousand dollars ($15,000.00).

42.     As a direct and proximate result of Defendants' actions, Plaintiff has been required to retain the services of an attorney and is entitled to an award of attorney's fees and costs.

WHEREFORE, Plaintiff PHILIP ALEXANDER expressly reserving his right to amend this Complaint to set forth causes of action and/or items of damages not yet known, prays for judgment for each of these claims for relief as follows:

        1.   General damages in an amount in excess of $15,000.00;

        2.   Medical and incidental expenses incurred and to be incurred;

        3.   Damages for lost past and future household services;

/ / /

/ / /

/ / /

/ / /

/ / /

4.  Damages for past and future lost wages;

5.  Cost of suit; pre-judgment interest; post-judgment interest; attorney's fees; and

6.  For such other and further relief as is just and proper

DATED this 2nd day of September, 2022.

*SHOOK & STONE, CHTD.*

*/s/ John Shook, Esq.*
_____
JOHN B. SHOOK, ESQ.
Nevada Bar No. 5499
LYNN R. SHOEN, ESQ.
Nevada Bar No. 1197
SHOOK & STONE, CHTD.
710 South 4th Street
Las Vegas, NV 89101